State ex Beebe v. Cowley ........................ 20019
State ex Crabbe v. Thistledown Co............. 20005

### TUESDAY, APRIL 12, 1927

20005—State of Ohio, ex rel. C. C. Crabbe, Atty. Genl. v. The Thistle Down Company et al. In Quo Warranto. Dismissed by the Attorney General at the costs of plaintiff, without record. Dock. 7-24-26, 4 Abs. 525; OS. Pend. 4 Abs. 706.

20019—State, ex rel. Effie Beebe, v. Glenn Cowley; error to the Court of Appeals of Lorain county. Judgment affirmed. Day, Kinkade, Robinson, Jones and Matthias, JJ., concur. Dock. 7-28-26, 4 Abs. 525; OS. Pend. 4 Abs. 722; OA. 5 Abs. 24.

## MOTION DOCKET

### EXPLANATION

Cases taken to the Supreme Court, on motion to the Court of Appeals to certify its record, are placed upon its Motion Docket, and each week a list of those wherein the motion is decided, is given out by the court, as shown below. No opinion or syllabus is announced for these.

The Abstract publishes this docket each week, and annotates the paragraphs, so that lawyers get a history of each case, and the points involved in it, by referring to the case in the Court of Appeals if reported in the Abstract, or to the Pending Case, where it has been previously written up. When otherwise, it is soon provided and published.

No other paper publishes the cross references.

The cases are also entered in the Concordance, when they affect other cases.

### INDEX OF CASES

Arnold v. Wylie ............................... 20378
Balt. & O. R. R. Co. v. Klaer .................. 20257
Dietrich v. Wahl et ........................... 20381
Doty v. Buckeye Comm. Sav. Bk. et........... 20376
Drabek v. Dum et ............................. 20389
Hoiles v. Watkins et .......................... 20384
Lockland Lumb. Co. v. Robinson et ............. 20390
Mostov v. Unkefer ............................ 20362
Neal v. Ohio Oil Co........................... 20374
Onkst v. Recker .............................. 20383
Parker et v. Tax Comm........................ 20387
Royal Ind. Co. v. Am. Vit. Prod. Co........... 20388
Stone et v. Osborn et ......................... 20382
Tax Comm. v. Parker.......................... 20385
Wilkin, Admr. et v. Cochran .................. 20380

20257—The Baltimore & Ohio R. R. Co. v. Elizabeth Klaer. Motion for an order directing the Court of Appeals of Belmont county to certify its record. Motion dismissed on application of plaintiff in error. Dock. 1-7-27, 5 Abs. 27.

20362—Sam Mostov v. Viola R. Unkefer. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 3-3-27; 5 Abs. 153; OA. 5 Abs. 242.

20374—Treva L. Neal v. The Ohio Oil Co. Motion for an order directing the Court of Appeals of Wood county to certify its record. Overruled. Dock. 3-7-27, 5 Abs. 170; OA. 5 Abs. 34; OS. Pend. 5 Abs. 250.

20376—Bertha E. Doty v. The Buckeye Commercial Savings Bank et al. Motion for an order directing the Court of Appeals of Hancock county to certify its record. Overruled. Dock. 3-8-27, 5 Abs. 170.

. (Continued on page 253)

## Weekly Abstract of PENDING CASES

### No. 278

### NEAL v. OHIO OIL CO.

No. 20374. Supreme Court

On motion to certify. Dock. March 7, 1927, 5 Abs. 169.

923. PLEADINGS—Is the filing of a motion for a rehearing before the Industrial Commission within the statutory period laid down in 1465-90 GC., a condition precedent to filing a petition in the Common Pleas Court?

Treva L. Neal filed a claim for the compensation for the death of her husband with the Industrial Commission. The claim was denied May 12, and on June 11, 1926, twenty-nine days after the denial by the Commission, Neal filed a petition in the Wood Common Pleas, and the Ohio Oil Company filed a motion to quash service upon the ground that Neal had not filed an application for a rehearing with the Commission.

Neal contends in the Supreme Court:

1. Neither the legislature nor the parties, employee and employer by agreement, can abridge the right of trial by jury if the claim is denied on the grounds that the evidence fails to show that the injury was received in the course of employment.

2. The right to appeal to the court for redress of wrongs is one of those rights which in its nature under our constitution is inalienable and cannot be withheld.

Attorneys—J. H. Boyd and E. H. Young for Neal, both of Toledo.

Note—OA. opinion, 5 Abs. 34. Motion to certify overruled, 5 Abs. 250.

### No. 279

### ALSTON, Assignee v. AMERICAN MTGE. CO.

No. 20323. Supreme Court

On motion to certify. Dock. 2-11-27, 5 Abs. 105.

631. INTEREST & USURY—Can defense of usury be interposed when it is not shown that interest was fixed at a rate per cent; but that the mortgage was in excess of the actual amount borrowed?

A petition was filed in the Butler Common Pleas by Elbert Alston, the Assignee, to sell the real estate of the Assignor, the Hamilton Arcade Company, a corporation; and The American Mortgage Company, one of the defendants, filed a cross petition setting up two liens upon the real estate. To this cross petition the plaintiff interposed the defense of usury. The case was submitted upon these two pleadings, the cross petition and the amended answer of the plaintiff thereto.

The Court of Appeals held that the defense of usury could not be made by a corporation or its Assignee by reason of the act of April 29, 1921, 109 O. L. 231.

The claim of the plaintiff in error is that the terms of said act were not complied with, in the failure to state the rate of interest reserved on the two loans made to The Hamilton Arcade Company, and that after specifying in the notes a rate of seven per cent, included as a part of the principal a large amount in excess of the money loaned, and that therefore The American Mortgage Co. is not entitled to the benefit of the last clause of said act denying the defense of usury by a corporation or any one in its behalf.

Attorneys—Andrews & Rogers and Giffen & Haines for Alston; E. A. Belden for Mfg. Co.; all of Hamilton.

Note—Motion to certify allowed, 5 Abs. 154.